UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

    Plaintiffs,

  v.

Case No. 18-CV-1551

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR. and
TIMOTHY P. NELSON,

    Defendants.

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs Roumann Consulting Inc. ("Roumann Consulting") and Ronald Rousse and Defendants Symbiont Construction, Inc., Symbiont Holding, Inc., and Symbiont Science, Engineering and Construction, Inc. (collectively, where appropriate, the "Symbiont Entities"), by their respective counsel, have conferred on issues relating to the scheduling and management of this matter.

### 1. Date and Time of Rule 16(b) Conference

The Rule 16(b) Conference is scheduled for Friday, November 8, 2019 at 11:30 a.m. Participating for Plaintiffs is Scott Halloin, who can be reached at 414-

732-2424. Participating for the Symbiont Entities is Andrew Oettinger, who can be reached directly at 414-287-9618.

2. **Nature of the Case**

Roumann Consulting is a Canadian construction contractor who was formerly engaged as an independent contractor with T.V. John & Son, Inc. pursuant to a written independent contractor agreement. During the period of Roumann Consulting's engagement, T.V. John & Son, Inc. was purchased by Symbiont Holding, Inc. Roumann Consulting and its owner, Ronald Rousse, filed this case seeking damages arising from the Symbiont Entities' alleged breach of the independent contractor agreement. On August 1, 2019, this Court dismissed some of the Plaintiffs' claims, including all claims against the owners/officers of the Symbiont Entities. However, the Court denied the Symbiont Entities' motion to dismiss claims related to the Symbiont Entities' alleged misuse of confidential information.

The Symbiont Entities dispute the allegations, maintain that the action is premature, and that the remaining claims are premised on an unreasonable interpretation of the contract and mischaracterization of the relationship between the individual Symbiont Entities.

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332. This case is not included in one of the categories of proceedings exempted from initial disclosures and discovery conference pursuant to Rule 26(a)(1)(B) and 26(f).

3. **Contemplated Motions**

The parties are not yet in a position to determine whether this case should be consolidated with Eastern District of Wisconsin case number 17-CV-1407. Roumann Consulting believes it will be in a position to determine whether consolidation is appropriate after the Court issues its summary judgment decision in case number 17-CV-1407 and after the completion of discovery in this case. The Symbiont Entities are not yet in a position to determine whether a consolidated trial is necessary or appropriate.

Roumann Consulting believes it is too early to assess whether this case is susceptible to dispositive motion practice, but believes this case may involve a request for injunctive relief. The Symbiont Entities believe that this case will likely involve motion practice, including but not limited to motion(s) for judgment on the pleadings and for summary judgment. Roumann Consulting will object to any motion for judgment on the pleadings as being filed too late.

4. **Discovery Plan**

   a. **Issued and Contemplated Discovery**

As of the date of this report, Roumann Consulting believes it will need thirteen depositions; however, twelve of those depositions will be very short and the witnesses can be stacked to minimize the total amount of time used. The depositions Plaintiffs believe to be required are:

   1. Symbiont Science, Engineering and Construction, Inc. (Rule 30(b)(6) deposition);
   2. Symbiont Holding Company, Inc. (Rule 30(b)(6) deposition);

3. Symbiont Construction, Inc. (Rule 30(b)(6) deposition);

4. Tim Nelson;

5. Dean Handrow;

6. Chad Johnson;

7. Helen Miller;

8. Joanna Emmer;

9. Patti Tennyck;

10. John Zwicki;

11. Kim Wessel;

12. Menards, Inc. (Rule 30(b)(6) Deposition); and

13. Jim Carlson.

Roumann Consulting also anticipates serving written discovery on the Symbiont Entities; taking depositions of the Symbiont Entities' expert(s), if named; and undertaking third-party discovery related to the clients for projects at issue in the lawsuit.

The Symbiont Entities contend that the 13 requested depositions are disproportional to the needs of the discrete issues in the case, and constitute an effort to re-litigate case No. 17-CV-1407. The Symbiont Entities anticipate serving requests for production, requests to admit, and interrogatories on Roumann Consulting and Ronald Rousse. The Symbiont Entities also contemplate conducting a Rule 30(b)(6) deposition of Roumann Consulting, a deposition of Ronald Rousse, and depositions of any experts disclosed by Plaintiffs.

The parties have agreed that all Rule 30(b)(6) depositions will be held in Milwaukee, Wisconsin.

### b. Electronically Stored Information

The parties have discussed the matters raised in Rule 26(f) and Local Rule 16(a) and have agreed to negotiate any discovery issues as they arise. The parties discussed the need to preserve electronically stored information ("ESI") and agreed that the discovery of ESI shall proceed in accordance with the Federal Rules of Civil Procedure. The parties further agreed to meet and confer regarding electronic discovery parameters and to work in good faith to reach a resolution regarding the format of production. The parties additionally agreed to work in good faith to attempt to reach a resolution of any discovery disputes pertaining to ESI or discovery more generally without involvement of the Court.

The parties each request that e-discovery be further addressed after each party provides information about its ESI to the other party.

### c. Privileges and Protections

With regard to materials protected by the attorney-client privilege, work product doctrine, or other applicable privilege, the parties have agreed that the inadvertent production of these materials shall not constitute a waiver of the applicable privilege or protection. In the event privileged or protected information is produced, the parties will follow the procedure contained in Rule 26(b)(5)(B). Additionally, the parties request the Court enter an order under Federal Rule of Evidence 502(d) stating that the attorney-client privilege and work-product

protection are not waived by disclosure connected with the litigation pending before this Court and, by extension, any other state or federal proceeding.

5.  **Settlement Discussions**

This lawsuit has a companion case, Eastern District of Wisconsin case number 17-CV-1407. The companion case has been mediated three times unsuccessfully. The parties do not believe further mediation would be beneficial until after the Court issues its decision on Defendant T.V. John & Son, Inc.'s pending motion for summary judgment in the companion case.

6.  **Joint Proposed Scheduling Order**

    a. Rule 26(a)(1) Initial Disclosures due Tuesday, December 3, 2019;

    b. Amendments to the Pleadings filed by Friday, January 10, 2020;

    c. Plaintiffs' Expert Disclosures and Reports due Friday, April 3, 2020;

    d. Defendants' Expert Disclosures and Reports due Friday, July 10, 2020;

    e. Rebuttal Expert Disclosures and Reports due Friday, September 25, 2020;

    f. Factual discovery to be completed by Friday, October 9, 2020;

    g. Dispositive Motions due Friday, October 23, 2020;

    h. Rule 26(a)(3) Pretrial Disclosure filed 30 days before trial;

    i. Pretrial Reports filed 7 days before the pretrial conference; and

    j. Pretrial conference to be scheduled by the Court.

Dated this 31st day of October, 2019.

        By:   s/ Scott R. Halloin
            Scott R. Halloin
            State Bar No. 1024669
            James J. Irvine
            State Bar No. 1088726
            Halloin Law Group, S.C.
            839 North Jefferson Street, Suite 503
            Milwaukee, WI 53202
            Phone: 414-732-2424
            Fax: 414-732-2422
            Email: shalloin@halloinlawgroup.com
            jirvine@halloinlawgroup.com

Attorneys for Plaintiffs ROUMANN CONSULTING INC. and RONALD ROUSSE

        By:   s/ Andrew S. Oettinger
            Andrew S. Oettinger
            State Bar No. 1053057
            Christie B. Carrino
            State Bar No. 1097885
            Godfrey & Kahn, S.C.
            833 East Michigan Street, Suite 1800
            Milwaukee, WI 53202-5615
            Phone: 414-273-3500
            Fax: 414-273-5198
            Email: aoettinger@gklaw.com
            ccarrino@gklaw.com

Attorneys for Defendants SYMBIONT CONSTRUCTION, INC., SYMBIONT HOLDING COMPANY, INC., and SYMBIONT SCIENCE, ENGINEERING AND CONSTRUCTION, INC.