UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

---

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

        Plaintiffs,

v.                                       Case No. 2:18-cv-01551-LA

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND
CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR., and
TIMOTHY P. NELSON,

        Defendants.

---

**DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO QUASH SUBPOENAS TO SVA CERTIFIED PUBLIC ACCOUNTANTS, S.C.**

---

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, Civil L.R. 7(h), and the Court's Scheduling Order (Dkt. 24), Defendants, by their counsel, Godfrey & Kahn, S.C., move this Court to Quash[1] the third-party document subpoena Plaintiff issued to SVA Certified Public Accountants, S.C. ("SVA") (the "Subpoena"). SVA is Defendants' outside accounting firm that provided accounting services during the ten-year time period for which the Subpoena requests records. The voluminous records sought are not within the scope of discovery, and Plaintiff has refused to articulate how these documents possibly relate to the claims remaining in this case. For the reasons described below, Defendants respectfully request the Court quash the Subpoena.

---

[1] While a motion to quash is often brought by the subpoena target, a party has standing to challenge a nonparty subpoena where the party has "a personal right or privilege with respect to the [subpoena's] subject matter." *Spuhler v. STTE Collection Servs., Inc.*, Case No. 16-CV-1149, 2017WL 11579701, at *1 (E.D. Wis. Apr. 14, 2017) (finding party standing to quash subpoena seeking financial information).

The context of this motion is important. The litigation between these parties dates back to 2017, when Plaintiff filed a multicount complaint against defendant Symbiont Construction, Inc (formerly known as T.V. John). While that case was still pending, the Plaintiff initiated this case, asserting the same causes of action and theories of liability alleged in the original action, save for one—the alleged misuse of confidential information. The Court dismissed all claims and parties except for that relating to the alleged misuse of confidential information [Dkt. 14].

In this newer case, Plaintiff has issued multiple sets of discovery, to which Defendants have responded by producing hundreds of thousands of documents. (Declaration of Andrew S. Oettinger ("Oettinger Decl.") ¶ 2.) Nonetheless, on March 15, 2021, Defendants received notice that Plaintiff issued the Subpoena, which seeks Symbiont Construction Inc.'s internal and external financial statements going back to 2010, as well as notes to those financial statements. Plaintiff further requested supporting documentation to these ten-years' worth of statements such as reports, balance sheets, income statements, statements of equity changes, statements of cash flow changes, notes to financial statements, information about contract and job schedules, indirect construction costs, and other general expenses. (*Id.* at ¶ 3, Exh. 1.)

The Subpoena is overbroad and beyond the scope of discovery on its face, but the deficiencies are enhanced when put into context. Plaintiff previously sought this information from the Defendants directly, in its Third Set of Requests for Production of Documents, specifically requesting work papers from SVA, T.V. John's value, and the sale of assets or changes in equity. (*Id.* at ¶ 5, Exh. 2 at Reqs/Resp. 3, 4, 5, 6, and 8.) Defendants objected to these requests and refused to produce responsive documents on the basis that the requests were outside the scope of permissible discovery as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case because such documents had no bearing on Plaintiff's claim of allegedly impermissible use of alleged confidential information or Defendants' defenses

to the action. (*Id.*) Defendants further objected to the extent the requests sought documents protected by the attorney-client privilege or other privilege or protection. Plaintiff did not resist the objection, but rather sought the information by noticing them as a topic for a corporate representative deposition, to which Defendants also objected—in detail. (*Id.* at ¶ 6, Exhs. 3-5.)

After Defendants served these objections, the parties' counsel discussed the requests and objections, at which time counsel represented that it was seeking this information to use in Plaintiff's forthcoming damages expert report, which was to focus on the valuation of T.V. John. (*Id.*. at ¶ 7.) Defendants' counsel further reiterated that these requests were improper because they were irrelevant because T.V. John's value could not in any way be a measure of damages for alleged misuse of alleged confidential information. Further, Defendants' counsel alerted Plaintiff's counsel that Plaintiff's initial disclosures did not account for this measure or theory of damages and requested that to the extent Plaintiff really was claiming this as a theory of damages, that Plaintiff was required to state so in its initial disclosures. (*Id.* at ¶ 7, Exh. 6.) Despite these discussions, Plaintiff has not explained why this information is discoverable and has failed to amend or update its initial disclosures. (*Id.* at ¶ 8.) Nevertheless, rather than provide explanation or move to compel the documents from Defendants, Plaintiff issued the Subpoena.

The Subpoena is improper and should be quashed because it subjects SVA to an undue burden and seeks irrelevant information. Defendants did not object to Plaintiff's requests on the basis the documents were outside of their possession, custody, or control. They objected that the documents were outside the scope of permissible discovery as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. Further, after conferring on the requests, Defendants' counsel further explained the basis for Defendants' objections, but Plaintiff did nothing to amend its initial disclosures or otherwise make relevant this theory of

damages, notwithstanding its required disclosure under Rule 26(a)(1).[2] This case has been pending for over two years, and Defendants are entitled to know Plaintiff's damages theory, especially before third-parties are subjected to burdensome requests.

If Plaintiff still believed it was entitled to these documents, it could have moved the Court to compel their production. Indeed, this would be the type of "reasonable step[]" contemplated by Rule 45(d)(1) to avoid imposing an undue burden on a subpoena recipient. By instead requesting documents from Symbiont's accountant, Plaintiff is subjecting SVA to an undue burden to review its files for information that is in the possession, custody, and control of a party to this action and that is irrelevant to this action. Thus, the Subpoena is "required" to be quashed under Rule 45(d)(3)(A)(iv),[3] and Defendants respectfully request the Court Quash the Subpoena.[4]

---

[2] *See e.g. Benson v. M2 Prop. Grp. LLC*, Case No. 18-C-860, 2019 WL 2359395, at *2 (E.D. Wis. June 4, 2019) (Rule 26(a) requires disclosure of damages categories even if Plaintiff lacks information for exact calculation).

[3] Indeed, a subpoena seeking irrelevant information constitutes an undue burden on its target. *See e.g. Fidelity and Deposit Co. of Md. v. Edward E. Gillen Co.*, No. 13-C-1291, 2015 WL 403817, at *1 (E.D. Wis. Jan. 28, 2015) (Adelman) (quashing subpoena seeking irrelevant information as subjecting target to an undue burden).

[4] The Subpoena should also be quashed under Rule 45(d)(3)(B)(i) as the information Plaintiff seeks is undoubtedly confidential commercial information. *See e.g. Metavante Corp. v. Emigrant Sav. Bank,* No. 05-CV-1221, 2008 WL 4722336, at *10 (E.D. Wis. Oct. 24, 2008) (sealing exhibits that contained "nonpublic financial and business information, including pricing, business plans and strategies").

Dated this 29th day of March, 2021.

                                By: */s/Andrew S. Oettinger*
                                        Andrew S. Oettinger
                                        State Bar No. 1053057
                                        Christie B. Carrino
                                        State Bar No. 1097885
                                        Godfrey & Kahn, S.C.
                                        833 East Michigan Street, Suite 1800
                                        Milwaukee, WI 53202-5615
                                        Phone: 414-273-3500
                                        Fax: 414-273-5198
                                        Email: aoettinger@gklaw.com
                                                        ccarrino@gklaw.com

                                 *Attorneys for Defendants*

25075209.4