UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

---

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

        Plaintiffs,

      v.                            Case No. 2:18-cv-01551-LA

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND
CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR., and
TIMOTHY P. NELSON,

        Defendants.

---

**DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO
QUASH SUBPOENAS TO GODFREY & KAHN, S.C. AND CHARLES VOGEL**

---

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, Civil L.R. 7(h), and the

Court's Scheduling Order (Dkt. 24), Defendants, by their counsel, Godfrey & Kahn, S.C., move

this Court to Quash[1] two third-party document subpoenas Plaintiff issued to Godfrey & Kahn,

S.C. ("G&K") and Attorney Charles Vogel (collectively the "Subpoenas"). The records sought

are not within the scope of discovery, and Plaintiff has refused to articulate how these documents

relate to the claims remaining in this case. For the reasons described below, Defendants

respectfully request the Court quash the Subpoenas.

---

[1] While a motion to quash is often brought by the subpoena target, a party has standing to challenge a nonparty subpoena where the party has "a personal right or privilege with respect to the [subpoena's] subject matter." *Spuhler v. STTE Collection Servs., Inc.*, Case No. 16-CV-1149, 2017WL 11579701, at *1 (E.D. Wis. Apr. 14, 2017) (finding party standing to quash subpoena seeking financial information).

As explained in more detail in Defendants' Motion to Quash the subpoena issued to SVA Certified Public Accountants ("SVA Subpoena") filed contemporaneously with this motion,[2] after extensive discovery on the narrow remaining issue in this long-pending case—whether Defendants misused Plaintiff's allegedly confidential information—Plaintiff has issued irrelevant and overly burdensome subpoenas on third parties in this action after Defendants properly objected to producing this information.

At the same time it issued the SVA Subpoena, on March 15, 2021, Defendants also received notice that Plaintiff was issuing the Subpoenas, seeking a copy of the purchase agreement between T.V. John & Son, Inc. ("T.V. John") and the Defendants ("Purchase Agreement") as well as financial statements reviewed as part of the due diligence for the value of T.V. John, its good will, and its business relationships with Mr. Rousse and T.V. John's clients. (Oettinger Decl. at ¶ 4, Exh. 1.) G&K and Mr. Vogel served as Symbiont's counsel in the purchase. (*Id.*) Again, Plaintiff had previously issued to Defendants its Third Set of Requests for Production of documents, which requested both the "Purchase Agreement" and documents that reflected the value of T.V. John's book of business and good will. (*Id.* at ¶ 5, Exh. 2 at Reqs/Resp. 1, 4.). Defendants objected to these requests and refused to produce responsive documents on the basis that the requests were outside the scope of permissible discovery as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case because such documents had no bearing on Plaintiff's claim of allegedly impermissible use of alleged confidential information or any of Defendants' defenses to the action. (*Id.*) Defendants further objected to the extent the requests sought documents protected by the attorney-client privilege or other privilege or protection. Plaintiff then sought this information by noticing them

---

[2] Defendants incorporate by reference the facts outlined in its Motion to Quash the SVA Subpoena.

as a topic for a corporate representative deposition, to which Defendants also objected in detail. (*Id.* at ¶ 6, Exhs. 3-5.)

Like with the information sought in the SVA Subpoena, Defendants' counsel reiterated during multiple conferences with Plaintiff's counsel that these requests were improper and irrelevant because the value of T.V. John's book of business or good will could not in any way be a measure of damages for alleged misuse of alleged confidential information and because this theory of damages was not included in Plaintiff's initial disclosures. (*Id.* at ¶ 7, Exh. 6.) However, like with the information in the SVA Subpoena, Plaintiff issued the Subpoenas rather than provide explanation or move to compel the production from Defendants. (*Id.* at ¶ 8.)

The Subpoenas are improper and should be quashed for the following reasons:

1.      The Subpoenas seek the disclosure of financial statements and copies of the Purchase Agreement that may have notes which are protected by the attorney-client privilege. Therefore, the Subpoenas are "required" to be quashed under Rule 45(d)(3)(A)(iii).

2.      The Subpoenas subject both G&K and Mr. Vogel to an undue burden and seek irrelevant information. Defendants did not object to Plaintiff's requests on the basis the documents were outside of their possession, custody, or control. They objected that the documents were outside the scope of permissible discovery as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. Further, after conferring on the requests, Defendants' counsel further explained the basis for Defendants' objections, but Plaintiff did nothing to amend its initial disclosures or otherwise make relevant this theory of damages, notwithstanding its required disclosure under Rule 26(a)(1) disclosures.[3]

---

[3] *See e.g. Benson v. M2 Prop. Grp. LLC*, Case No. 18-C-860, 2019 WL 2359395, at \*2 (E.D. Wis. June 4, 2019) (finding Rule 26 requires disclosure of damages categories even if Plaintiff lacks information for exact calculation).

If Plaintiff still believed it was entitled to these documents, it could have moved the Court to compel their production. Indeed, this would be the type of "reasonable step[]" to avoid imposing an undue burden on a subpoena recipient contemplated by Rule 45(d)(1). By instead requesting these documents from Symbiont's third-party deal counsel, who have information solely because of their role as counsel, Plaintiff is subjecting Godfrey & Kahn and Mr. Vogel to an undue burden in reviewing its files for information, that is in the possession, custody, and control of a party to this action and that is irrelevant to this action. Therefore, the Subpoenas are "required" to be quashed under Rule 45(d)(3)(A)(iv).[4]

3.      The Subpoenas seek Defendants' confidential commercial information irrelevant to the case. As described above, Defendants objected to producing the Purchase Agreement and related financial documentation because, as Defendant's counsel explained in detail, they were irrelevant to the case, especially as it relates to Plaintiff's vague and undisclosed damages theory. There is no doubt the information sought is confidential commercial information.[5] Therefore, the Subpoenas should be quashed under Rule 45(d)(3)(B)(i).

---

[4] Indeed, a subpoena seeking irrelevant information constitutes an undue burden on its target. *See e.g. Fidelity and Deposit Co. of Md. v. Edward E. Gillen Co.*, No. 13-C-1291, 2015 WL 403817, at *1 (E.D. Wis. Jan. 28, 2015) (Adelman) (quashing subpoena seeking irrelevant information as subjecting target to an undue burden).

[5] *See e.g. Metavante Corp. v. Emigrant Sav. Bank,* No. 05-CV-1221, 2008 WL 4722336, at *10 (E.D. Wis. Oct. 24, 2008) (sealing "nonpublic financial and business information, including pricing, business plans and strategies").

4

Dated this 29th day of March, 2021.

By: /s/Andrew S. Oettinger
Andrew S. Oettinger
State Bar No. 1053057
Christie B. Carrino
State Bar No. 1097885
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: aoettinger@gklaw.com
ccarrino@gklaw.com

*Attorneys for Defendants*

25073915.3