UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

    Plaintiffs,

v.

                            Case No. 18-CV-1551

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR. and
TIMOTHY P. NELSON,

    Defendants.

## DECLARATION OF STEPHEN C. VANDERBLOEMEN

Pursuant to 28 U.S.C. § 1746, I, Stephen C. VanderBloemen, declare as follows:

1. I am a certified public accountant licensed in the States of Wisconsin, Illinois and Iowa and am a Member/ Partner of the VanderBloemen Group LLC. We have been engaged as an expert by Roumann Consulting, Inc. and Mr. Ronald Rousse ("Roumann") in their claim against Symbiont Construction, Inc., formerly T.V. John & Son, Inc. We have been engaged to prepare a "benefit to defendant" style analysis that is customary for these types of cases. The statements in this declaration are based on my personal knowledge and on my reading and review of my records and files and, specifically, the recent motions filed by counsel, the

Declaration of Mr. David Schlidt, and the PSMJ Resources, Inc. Valuation of TV John and Son, Inc. dated April 3, 2014.

2. The specific issue in the defendants' motion is their continued objection to providing the financial statements of T.V. John & Son, Inc., now Symbiont Construction, Inc., for the years ended December 31, 2015 through 2019. They contend that these financial statements are not relevant to Roumann's claim for damages, and offer no new basis or explanation of Roumann's stated theory of damages. I disagree.

3. A benefit to defendant analysis involves a comparison to the specific benefit from a relationship or asset to the company as a whole. As such, involves a micro and macro comparison.

4. Roumann's claim for damages is based on the value of the confidential information Roumann created, contributed to, used while working with and provided to Symbiont during the term of Roumann's association with Symbiont (intangible value of Roumann). The measurement/calculation of these damages is determined using the actual operations of Symbiont during the years that Roumann was working for Symbiont, and based on the intangible value Roumann brought to Symbiont which resulted in the construction projects that Roumann obtained for Symbiont from his long term business relationship with several major retail customers (Kroger, Menards, Fresh Market. Pic and Save, etc.).

5. Mr. Schlidt asserts that there is no specific line item in the requested information that contains this specific information. Mr. Schlidt fails to disclose that

other substantial detailed financial information that has already been produced by Symbiont as part of this inquiry, on a per project basis (project name/customer, final contract, cost of construction and gross profit/margin) (or micro level). We are trying to obtain the bulk, macro totals for different categories of information that are tracked by T.V. John/Symbiont. I believe that we should be able to ascertain the value of Roumann to T.V. John / Symbiont from the financial statements using this information, as we were able to determine the value in 2014 based upon the PSMJ Resources documentation, with other project information.

6. The operations of Symbiont during the time that Roumann was working with Symbiont and this financial growth should be reflected in the Symbiont financial statements for 2015 through 2019. Having these financial statements is relevant to the determination of the growth in value of Symbiont from 2014, the date TV John sold its business to Symbiont, which value was based on the appraisal of PSMJ Resources, Inc. as of Mach 31, 2014 based on the company's financial statements, the company's equity and as a multiple of earnings[1].

7. The operations of Symbiont for 2015 through 2019 are relevant to the measurement of the growth in value of the business of T.V. John & Son, Inc. / Symbiont and based on the construction projects and gross profit/margin that Roumann brought to Symbiont.

8. The calculation of damages for Roumann is based, in part, on the growth in value of Symbiont during the time that Roumann worked with Symbiont

---

[1] PSMJ Resources, Inc. valuation 04/03/2014, Pages 4 through 6

directly through his efforts and construction customer and specific sub-contractors and vendors business relationships. It will be measured using the same methodology of PSMJ Resources, Inc. in its valuation report of April 3, 2014, the starting point and applying that methodology to Symbiont's operations and equity from 2015 through 2019, the ending point with the difference being the growth in value as a direct result of Roumann's efforts.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 22, 2021.

_Stephen C. VanderBloemen, CPA/CFF_
Stephen C. VanderBloemen, CPA/CFF

4
Case 2:18-cv-01551-LA   Filed 09/22/21   Page 4 of 4   Document 62