UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

        Plaintiffs,

v.                                 Case No. 2:18-cv-01551-LA

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND
CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR., and
TIMOTHY P. NELSON,

        Defendants.

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD

The Symbiont Defendants oppose Plaintiffs' motion to supplement the record. [ECF No. 61.] The motion is advanced upon a false, unsupported premise, violates the procedure of Civil Local Rule 7(h), and does not advance the issue already before the Court. This motion and new supporting declaration are a microcosm of Plaintiffs' constantly evolving theories of recovery, and the moving target of relevancy Symbiont has been faced with.

The plaintiffs have one theory of recovery following the motion to dismiss, which is the allegation that "the defendants are committing an ongoing, distinct breach of the independent contractor agreement by using Rousse's confidential information to bid on new projects." [Decision and Order, ECF No 14 at 15.] Initially, plaintiffs sought discovery of Symbiont's financial statements on the basis that: "[a]ccording to Plaintiffs' expert, this valuation and T.V. John/Symbiont Construction's annual financials would reflect the value

placed on Mr. Rousse's and Roumann's confidential information." [Pls.' Combined Brief in Opposition to Motions to Quash and In Support of Motion to Compel." [ECF No. 43 at 18.] After the parties conferred with the Court, the parties agreed Symbiont would search its records to determine whether any such valuation of plaintiffs' confidential information was ever done. [ECF No. 51.] None existed, and Symbiont produced a copy of the closest thing it had, a 2014 valuation of T.V. John & Sons, Inc., which did not contain a valuation of confidential information (nor could it, as the Independent Contractor Agreement was not entered into until March 26, 2015). [*See* ECF No. 1-2 at 1 (Copy of Agreement attached to Complaint; ECF No. 60 ¶ 3.] In response to Plaintiffs' demand, Symbiont's CFO confirmed that no such valuation was ever performed, and that Symbiont's financial statements did not contain any such valuation information. [ECF No. 59.]

Notwithstanding the above, after briefing on the expedited motion was complete, Plaintiffs now contend that Mr. Schlidt's declaration "contained incorrect statements" [ECF No. 61] and modify the scope and basis for what Plaintiffs are seeking.

Neither the motion nor the latest declaration of Plaintiffs' disclosed expert, Stephen Vanderbloemen, identify what statements were incorrect. Rather, this latest declaration simply contends that Symbiont produced "other substantial detailed financial information" (true) and that Mr. Vanderbloemen believes that he "should be able to ascertain the value to Roumann to T.V. John/Symbiont" if Symbiont is compelled to provide additional financial information. [ECF No. 62 ¶¶ 5-6.] But that is not the same thing as the value of Roumann's so-called confidential information, the basis for the discovery and the motion to compel.

The motion to supplement the record adds nothing to the analysis already before the Court, other than to underscore the moving target nature of the discovery requests and the

plaintiffs' theory of the case. Accordingly, Symbiont respectfully requests that the Court deny the motion, and strike the inappropriate, unsupported contention in the motion that Mr. Schlidt's sworn declaration "contained incorrect statements."

Dated this 29th day of September, 2021.

By: *s/ Andrew S. Oettinger*
Andrew S. Oettinger
State Bar No. 1053057
Christie B. Carrino
State Bar No. 1097885
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: aoettinger@gklaw.com
ccarrino@gklaw.com

*Attorneys for Defendants*

25987844.1