UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

        Plaintiffs,

v.                                                                                                                       Case No. 2:18-cv-01551-LA

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND
CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR., and
TIMOTHY P. NELSON,

        Defendants.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S RULE 26(a)(3) PRE-TRIAL DISCLOSURES AND RESERVATION OF RIGHTS**

        Defendants Symbiont Construction, Inc., Symbiont Holding Company, Inc., and Symbiont Science, Engineering and Construction, Inc. (collectively, "Defendants"), by their counsel, Godfrey & Kahn, S.C., pursuant to Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure (hereinafter "Fed. R. Civ. P."), submit the following Objections to Plaintiff's Rule 26(a)(3) Pre-Trial Disclosures and Reservation of Rights:

        1.     Defendants object to Plaintiff's Rule 26(a)(3) Pre-Trial Disclosures ("Disclosures") as premature because they were filed prior to the close of discovery, prior to the deadline for the parties to file dispositive motions, and prior to the Court setting a pre-trial conference, or otherwise setting a schedule for such disclosures, objections, and motions in limine, including motions pursuant to Rule 702 of the Federal Rules of Evidence (hereinafter "Fed. R. Evid.") and related principles under *Daubert* ("*Daubert* Motions").

2. Defendants' counsel has conferred with Plaintiff's counsel regarding Plaintiff's Disclosures, and Plaintiff's counsel has agreed that no objections need be filed within the time parameters of Fed. R. Civ. P. 26(a)(3)(B) due solely to Plaintiff's early disclosure. However, Defendants file these Objections and Reservations of Rights out of abundance of caution.

3. Defendants further specifically object to Plaintiff's Disclosures in that they identify as exhibits Mr. VanderBloemen's expert reports dated October 15, 2021 and January 14, 2022. If offered for the truth of the matter asserted, expert reports are inadmissible hearsay under Fed. R. Evid. 801 and 802, and are not exceptions to hearsay under Fed. R. Evid. 803, 804 or 807. Therefore, the expert reports are inadmissible if offered for the truth of the matter for which they are asserted, and Defendants object to their use for these purposes.

4. Defendants reserve their right to amend and supplement these objections pursuant any deadlines set following the Court's decision and order on any summary judgment motions and following the Court setting a schedule for Rule 26(a)(3) disclosures and objections, and motions in limine. Defendants further reserve their right to file any and all motions in limine, including *Daubert* Motions, regardless of whether such motions seek to exclude or limit evidence found in Plaintiff's Disclosures.

Dated this 15th day of February, 2022.

By: /s/Christie B. Carrino
Andrew S. Oettinger
State Bar No. 1053057
Christie B. Carrino
State Bar No. 1097885
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: aoettinger@gklaw.com
ccarrino@gklaw.com

*Attorneys for Defendants*

26732942.1

3

Case 2:18-cv-01551-LA   Filed 02/15/22   Page 3 of 3   Document 74