UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

    Plaintiffs,

 v.                    Case No. 18-CV-1551

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR. and
TIMOTHY P. NELSON,

    Defendants.

---

### PLAINTIFFS ROUMANN CONSULTING INC.'S AND RONALD ROUSSE'S CIVIL L. R. 7(h) NON-DISPOSITIVE MOTION TO PRECLUDE DEFENDANTS FROM PRESENTING NON-DISCLOSED EXPERT WITNESSES AND EXPERT OPINIONS AT TRIAL

---

  Plaintiffs Roumann Consulting Inc. and Ronald Rousse, by their attorneys, Halloin Law Group, S.C., move this Court pursuant to Federal Rules of Civil Procedure 7(b), 26(a)(2), and 37(c) and Civil Local Rules 7(h) and 26(b) to preclude Defendants Symbiont Construction, Inc., formerly known as T.V. John & Son, Inc., Symbiont Holding Company, Inc., and Symbiont Science, Engineering and Construction, Inc. (collectively, "Symbiont") from presenting any expert witnesses or any expert opinion testimony at trial which was not disclosed in accordance with

Rule 26. This motion is supported by the accompanying declaration of Scott R. Halloin.

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any witness who will provide expert testimony under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a). Under Rule 26(a)(2)(C), a party intending to rely on the testimony of a non-reporting expert must still disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 . . . and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii). The quintessential example of a non-reporting expert witness is the treating physician; however, other examples abound, including employee-engineers and employee-accountants. [1]

"A party must make these required disclosures"—either a full report under Rule 26(a)(2)(B) or the more limited disclosure under Rule 26(a)(2)(C)—"at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to disclose an expert under Rule 26(a)(2), the Court may order that "the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial." Fed. R. Civ. P. 37(c)(1).

---

[1] *See In re Prograf Antitrust Litig.*, No. 1:11-md-02242-RWZ, 2014 WL 4745954, at *18 (D. Mass. June 10, 2014) (discussing treating physicians); *Tajornera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-0366, 2016 WL 3180776, at *45–49 (E.D. La. June 7, 2016) (discussing engineers); *Nester Com. Roofing, Inc. v. Am. Builders & Contractors Supply Co. Inc.,* 250 F. App'x 852 (10th Cir. 2007) (excluding employee-accountant for failure to disclose under Rule 26(a)(2).)

Here, the Court's order set the deadline for Symbiont's expert disclosure as December 16, 2021. (DN 65.) Symbiont identified a single expert witness, Steve Stringer. (3/18/2022 Halloin Decl. Ex. 1.) Symbiont has both in-house engineers and accountants, but disclosed neither on December 16, 2021.

This motion is filed out of an abundance of caution to make sure that Symbiont does not intend to call any in-house employees as testifying experts at trial.

## Conclusion

For the foregoing reasons, Plaintiffs Roumman Consulting Inc. and Ronald Rousse request that the Court preclude Defendants Symbiont Construction, Inc., Symbiont Holding Company, Inc., and Symbiont Science, Engineering and Construction, Inc. from calling any expert witnesses, or soliciting any expert opinions, at trial that were not disclosed by their December 16, 2021 expert witness disclosure.

Dated March 18, 2022.

                                          HALLOIN LAW GROUP, S.C.
                                        Attorneys for Plaintiffs Roumann Consulting Inc. and Ronald Rousse

                                        s/ Scott R. Halloin
                                        Scott R. Halloin
                                        Wis. State Bar No. 1024669

HALLOIN LAW GROUP, S.C.
839 North Jefferson Street
Suite 503
Milwaukee, Wisconsin 53202
p 414-732-2424
f 414-732-2422
shalloin@halloinlawgroup.com