UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

        Plaintiffs,

v.                            Case No. 2:18-cv-01551-LA

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND
CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR., and
TIMOTHY P. NELSON,

        Defendants.

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S EXPEDITED NON-DISPOSITIVE MOTION TO PRECLUDE DEFENDANTS FROM PRESENTING NON-DISCLOSED EXPERT WITNESSES AND EXPERT OPINIONS AT TRIAL**

Defendants Symbiont Construction, Inc., Symbiont Holding Company, Inc., and Symbiont Science, Engineering and Construction, Inc. (collectively, "Symbiont"), by and through their attorneys, Godfrey & Kahn, S.C. hereby responds to Plaintiff's Expedited non-dispositive motion to preclude defendants from presenting non-disclosed expert witnesses and expert opinions at trial (ECF No. 75) as follows.

Plaintiff filed its expedited motion to preclude Symbiont from presenting non-disclosed experts and opinions "out of an abundance of caution to make sure that Symbiont does not intend to call any in-house employees as testifying experts at trial." (ECF No. 75 at 3.) Symbiont does not intend to disclose any expert except for Scott Stringer,[1] who it timely disclosed on December

---

[1] In its motion, Plaintiff mistakenly refers to Mr. Stringer as "Steve Stringer." (ECF No. 75 at 3.)

16, 2021. Symbiont may disclose and call in-house employees, who may happen to be engineers or accountants, as fact witnesses in accordance with the timing and procedures of the Federal Rules of Civil Procedure and Civil Local Rules of this district but does not intend to rely on any in-house employee to provide expert testimony.

All the same, based on the posture of this case, it is possible expert testimony will not be required. The parties are currently briefing their cross-motions on summary judgment, which Symbiont believes will result in full judgment in its favor. Should the case proceed to trial, Symbiont reserves the right to file motions in limine pertaining to evidence of the amount and/or categories of damages, including a motion to exclude Plaintiff's damages expert under the Federal Rules of Evidence and *Daubert*.

Based on the above, Symbiont respectfully requests that the Court deny Plaintiff's motion as moot based on Symbiont's representation that it does not intend to call any in-house employees as experts at trial.

Dated this 24th day of March, 2022.

By: *s/Andrew S. Oettinger*
Andrew S. Oettinger
State Bar No. 1053057
Christie B. Carrino
State Bar No. 1097885
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: aoettinger@gklaw.com
ccarrino@gklaw.com

Attorneys for Symbiont Defendants

26928883.1