UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

    Plaintiffs,

 v.

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR. and
TIMOTHY P. NELSON,

    Defendants.

Case No. 18-CV-1551

---

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO FILE AS RESTRICTED EXHIBITS 5, 7, AND 8 TO THE DEPOSITION
TESTIMONY OF RONALD ROUSSE, ATTACHED AS EXHIBIT 6 TO
THE DECLARATION OF ANDREW S. OETTINGER

---

Shortly before the summary judgment deadline in the above-captioned case, Defendants requested that Plaintiffs remove the confidential designation from three exhibits used at the deposition of Ronald Rousse. Plaintiffs did not agree to remove the designation and Defendants filed the pending motion to file restricted documents (DN 86). This response relates to that four page motion.

By way of background, *Roumann Consulting, Inc. and Ronald Rousse v. T.V. John & Son, Inc.,* Eastern District of Wisconsin Case No. 17-CV-1407, has a Protective Order and Order Regarding Confidentiality in place. (17-CV-1407, DNs

40, 41.) The Orders were entered after T.V. John & Son, Inc. (now known as Symbiont Construction, Inc.) filed a motion to restrict documents that it alleged were its confidential information that Ronald Rousse had stolen. (17-CV-1407, DN 58.) The documents that it sought to restrict were attached to a declaration from Attorney Oettinger as Exhibit C. (17-CV-1407, DN 61-3.)[1] Per T.V. John's motion:

> These documents constitute confidential business information used by T.V. John for a competitive advantage in bidding and performing construction contracts, and financial information for T.V. John and its parent company, which are private companies. . . . T.V. John supports the continued sealing of these documents in that they contain confidential business information used for competitive advantage and financial information for T.V. John and its parent company, which are closely-held corporations.

(DN 58, pp.3–4.)

Plaintiffs respected the request to restrict, and Defendants did not object to the restriction. Later, in response to T.V. John's summary judgment motion, Mr. Rousse filed an affidavit that responded to the group exhibit, including by stating that the exhibit contained customer documents. (17-CV-1407, DN 73.) Mr. Rousse noted that the documents were not significant and also stated that the "original source of this subcontractor information is Roumann Consulting, not T.V. John." (*Id.*, ¶ 22.) Ultimately, the Court denied the motion to restrict the documents. (17-CV-1407, DN 86, pp.18–19.)

This case has a Protective Order in place which is similar to the orders in the 2017 case. (DN 32.) Paragraph (A)(1) of the order allows for the designation of information as Confidential. Paragraph (D) provides a procedure for challenging a

---

[1] Those documents were bates stamped R 0000066 through R 0000100, R 0070914 through R 0070915, R 0000447 through R 0000449, and R 009081 through R 009087. (17-CV-1407, DN 61, ¶ 6.)

confidentiality designation. During Mr. Rousse's deposition in this case, Defendants used one of the documents that it had previously requested permission to file as restricted in the 2017 case, and two similar documents. Those documents were marked as Depositions Exhibits 5, 7, and 8,[2] and are attached to the declaration of Andrew S. Oettinger as Exhibit 6. (DN 90; DN 90-6.)

Contrary to Symbiont's statement in its motion, Symbiont's counsel re-designated these Exhibits as Confidential shortly before Mr. Roumann's deposition. (4/8/22 Halloin Aff. ¶ 2, Ex. 1 ("Please treat this link confidentially, as it contains confidential documents.").) The day before the summary judgment filing deadline, Defendants requested that the Confidential designation be removed. (4/8/22 Halloin Aff. ¶ 3, Ex. 2.) Defendants' request did not indicate that these were the same document, or similar documents, that the Court had ruled upon in the 2017 case.

Roumann Consulting responded to the request by indicating that it would like Deposition Exhibits 5, 7, and 8 treated as Confidential. (4/8/22 Halloin Aff. ¶ 4, Ex. 3, p.1.) Plaintiffs suggested that the parties file a joint motion. (*Id.*) Attorney Oettinger's response did not mention that these documents were previously ruled upon or state that he did not wish to file a joint motion and/or that he had an objection to designating the documents as Confidential. Instead, the relevant part of his response was "Thank you Scott." (*Id.*)

---

[2] Deposition Exhibit 5 is bates numbered R 009081 through R 009087 and was included with the request in the 2017 case. *See* note 1, supra. Deposition Exhibit 7 is R 0037129 and R 0037129. Deposition Exhibit 8 is R 0037510 through R 0037516.

The next day, Defendants filed their four-page motion objecting to the designation on the grounds of the Court's prior decision. (DN 86.) Symbiont also featured this issue in its proposed findings of fact to support the argument that these documents are not Confidential Information as that term is used in the Independent Contractor Agreement.

If Defendants had simply conferred in good faith and reminded counsel that one of the three deposition exhibits was already ruled upon in the 2017 case, and that the two other documents were similar, Defendants would not have received an objection to filing the documents without restriction. In fact, Defendants arguably could have simply filed the documents based upon the 2017 case ruling. Plaintiffs had no intention of re-litigating the Court's prior ruling. There are over 500,000 documents produced in this case—Plaintiffs' counsel admits that he does not have them all memorized.

With this background, Plaintiffs acknowledge that Defendants are correct—the Court has ruled in the 2017 case that one of the documents (Deposition Exhibit 5) should not be restricted. Deposition Exhibits 7 and 8 are similar to other documents that the Court also found could not be filed as restricted.

It is now apparent that Defendants wanted to use this restriction issue to argue that the Court believes the information is not confidential, or perhaps to set up some argument that Roumann Consulting is acting inconsistently. The actual sworn testimony is not the least bit inconsistent. The question of whether the parties' court filings should be released to the public is different from the question

of whether the protective order applies to the underlying document—further, both of those questions are different from the concept of whether the information is Confidential Information under Roumann Consulting's Independent Contractor Agreement. That being said, Plaintiffs will address this specific issue in greater detail in its response to Defendants' summary judgment filings. As will be seen in Plaintiffs' response, Defendants' argument on this point is borderline frivolous.

## Conclusion

Plaintiffs concede that the Court's prior ruling on restriction in the 2017 should govern the treatment of Deposition Exhibits 5, 6, and 8. Plaintiffs withdraw their objection to removing the Confidential designation from these exhibits.

Dated April 8, 2022.

HALLOIN LAW GROUP, S.C.
Attorneys for Plaintiffs Roumann Consulting, Inc. and Ronald Rousse

s/Scott R. Halloin
Scott R. Halloin
Wis. State Bar No. 1024669

HALLOIN LAW GROUP, S.C.
839 North Jefferson Street
Suite 503
Milwaukee, Wisconsin 53202
p 414-732-2424
f  414-732-2422
shalloin@halloinlawgroup.com