UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROUMANN CONSULTING INC. and
RONALD ROUSSE,

           Plaintiffs,

    v.

SYMBIONT CONSTRUCTION, INC.,
SYMBIONT HOLDING COMPANY, INC.,
SYMBIONT SCIENCE, ENGINEERING AND CONSTRUCTION, INC.,
THOMAS C. BACHMAN,
SONYA K. SIMON, ESQ.,
EDWARD T. MANNING, JR. and
TIMOTHY P. NELSON,

           Defendants.

Case No. 18-CV-1551

---

### PLAINTIFF ROUMANN CONSULTING INC.'S REPLY IN SUPPORT OF ITS MOTION TO FILE UNDER SEAL EXHIBITS 1 AND 4 THROUGH 10 TO THE MAY 27, 2022 SUPPLEMENTAL DECLARATION OF RONALD ROUSSE

---

Plaintiff Roumann Consulting, Inc. ("Roumann") moved to file under seal Exhibits 1 and 4 through 10 to the May 27, 2022 Supplemental Declaration of Ronald Rousse, which was filed in support of Plaintiff's reply brief in support of its motion for partial summary judgment. (DN 110.) Symbiont's response brief is improper as it is clearly intended to serve as a sur-reply to the pending summary judgment motions, instead of addressing the narrow issue of whether there is good cause to seal the exhibits that are attached to Mr. Rousse's declaration.

Symbiont's defense to this case has always been unconventional. Despite the fact that it produced 75,616 documents in response to Roumann's document request seeking Confidential Information for 41 test projects, Symbiont's defense has essentially relied upon (1) an affidavit of John Nelson, a Symbiont employee who was never identified as a witness and who was not even involved in any relevant way with the issues in this case (DN 101; DN 109, ¶¶ 3–11); (2) inadmissible, self-serving lawyer letters (DNs 90-13–16; DN 103-10); (3) two inadmissible declarations from Symbiont's counsel's Litigation Technology Specialist, Adam Cares (DNs 102, 115); and (4) a deposition transcript where Symbiont carefully avoided asking any questions about the Confidential Information Symbiont had produced (DN 106, pp.6–7 fns. 3, 4). Notably, the one thing Symbiont has never done is directly deny that it has information that meets the definition of Confidential Information that belonged to Roumann and Mr. Rousse.

Once again, Symbiont claims it cannot locate items attached to Mr. Rousse's declaration that were printed from Symbiont's own document production. This latest attempt to create misdirection fails.

### I. Symbiont's Argument that the Materials Are Not Confidential Because They Are Not Stamped Confidential Ignores the Fact that Symbiont Produced the Materials As 'Confidential.'

The concept that Symbiont's October 22, 2020 (in encrypted fashion) and again on November 18, 2020 (unencrypted) document production was anything other than Confidential Information under the Independent Contractor Agreement

is absurd. The parties' Independent Contractor Agreement contains an uncomplicated definition of "Confidential Information":

> The term "Confidential Information" shall mean the Disclosing Party's information that is proprietary or confidential in nature or confidential or proprietary information that is licensed to the Disclosing Party and includes, but is not limited to, the Disclosing Party's manner and method of conducting business, customer proposals, concepts, ideas, plans, methods, market information, technical information and the Disclosing Party's client, prospective client and contact lists.

(DN 100, p.22, PFF 46; DN 1-2, p.5, § 8.1(a).) During discovery, Roumann asked, in document request number 4, the Defendants to produce the customer lists, subcontractor lists, bid documents, technical information, customer proposals, scopes of work, historic data, bid summaries, contracts, and proposed contracts for 37 projects where the Plaintiffs suspected that the Defendants used Roumann's Confidential Information. (DN 85-4; DN 85, ¶¶ 5–6.) The request literally sought information contained in the definition of "Confidential Information" as used by the Independent Contractor Agreement.

On October 22, 2022, more than ten months after the requests were issued and after five discovery conferences, the materials were provided, but with a non-working encryption code. (DN 85, ¶ 5.) It was not until November 18, 2020 that Symbiont finally produced the information matching the definition of "Confidential Information" for the forty-one projects. (*Id.*) There can be no doubt that this production was of Confidential Information—as the only items produced on that date were the materials produced in response to request number 4. (DN 113-9.)

Counsel's letter even states that the materials are provided in response to document request number 4, and quotes the request.

Symbiont asserts that it is 'not the case' that it designated the materials on its unencrypted USB as 'Confidential.' (DN 114, p.2.) Yet, Symbiont's counsel's November 18, 2020 letter stated:

> I have enclosed another flash drive that contains the same information we previously provided to you on October 22, 2020, containing files responsive to your document requests (as more fully described in my October 22, 2020 letter). After you received the drive you explained that you ran into issues with the encryption and requested that we remove the encryption. **We have done so. Accordingly, please treat the documents confidentially.**

(DN 113-11, emphasis added.) When the parties met and conferred about the documents at issue, Mr. Oettinger did not wish to see the documents and advised that any Confidential designation was withdrawn. (7/1/22 Halloin Decl. ¶ 4.)

Symbiont elected to produce the materials in their native state only— meaning the documents had no bates numbering or computer tracking information, and as such, no Confidential stamp. The intent that the information be treated as Confidential was clear from the nature of the document request, and the text of counsel's November 18, 2020 letter. Symbiont elected to produce materials without tracking information for its own convenience or other considerations. Obviously, in doing so, Symbiont has created a mess with its production. Roumann could not force Symbiont to act differently, or alter the documents produced by Symbiont.

## II. Mr. Cares' Second Declaration Should Be Disregarded.

Symbiont submits a second declaration from Adam Cares (DN 115), Godfrey & Kahn's "Litigation Technology Specialist", wherein he restates that he cannot

locate some of the documents that Roumann identified as having been produced by Symbiont.

For what it is worth, Roumann has been unable to run any sort of bulk searches of the unencrypted materials. Each file must be opened independently and read the old fashioned way. (7/1/22 Halloin Decl. ¶ 5.) That is exactly what Mr. Rousse did in his step-by-step description of what was produced. (*See* DN 109, ¶¶ 21–50.) From the text of Mr. Cares' declaration, he again appears to be using the encrypted version of the production, which Roumann cannot access.

Mr. Cares' declaration, and the related summary in Symbiont's response brief, were clearly submitted as a sort of sur-reply to the issues on summary judgment, and have nothing to do with the request made by Roumann to have the exhibits filed under seal, which requires a showing of good cause. Mr. Cares' declaration is also clearly submitted to support the alleged "truth of the matter asserted"—i.e., that Symbiont did not produce Roumann's Confidential Information.

Mr. Cares is not an attorney, is not a disclosed witness, and has not been deposed. He merely works for Defendants' counsel's firm, and his declaration contains no information to suggest he has some sort of independent familiarity with the case. "The use of affidavits of counsel is in certain carefully confined situations undoubtedly appropriate, but it is a tactic fraught with peril, and counsel must remember that the requirements of Rule 56(e) are set out in mandatory terms and the failure to comply with those requirements makes the proposed evidence inadmissible during the consideration of the summary judgment motion."

*Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987) (reversing Western District of Wisconsin decision granting summary judgment partially based upon attorney's affidavit); *Neuma, Inc. v. Wells Fargo & Co.,* 515 F. Supp. 825, 839 (N.D. Ill. 2006). To the extent that attorney's affidavits are insufficient under Rule 56, "they must not be considered on summary judgment." *Friedel*, 832 F.2d at 970; *Roloff v. Sullivan*, 772 F. Supp. 1083, 1088 (N.D. Indiana 1991).

The subject matter of an attorney's affidavit must be one on which the attorney is also personally competent to testify about. *Midland Engineering Co. v. John A. Hall Construction Co.,* 398 F. Supp. 981, 990 (N.D. Ind. 1975). If not, the remedy is to strike the offending portions of the affidavit in their entirety. *Neuma, Inc.,* 515 F. Supp. at 839.

Mr. Cares' declaration is similar, and perhaps even worse, than the one submitted in *Roloff*, 772 F. Supp. at 1088. In that case, the Court reviewed a staff attorney's affidavit that summarized documents that were produced in "litigation discovery" and then purported to make factual assertions about said documents. The Court found this to be improper, as "documents or reports received by the affiants, about which the affiants have no personal knowledge, contain inadmissible hearsay." *Id*. The Court added that "affidavits of attorneys who lack personal knowledge of information related in supporting documentation are not entitled to consideration on a summary judgment motion." *Id*. at 1088–89. Mr. Cares' declaration should be disregarded for the same reasons.

Roumann's document request was served on Symbiont, not Mr. Cares. The document production was ostensibly assembled and produced by an employee at Symbiont. No affidavit or declaration has been provided by anyone at Symbiont that states that the identified documents are not in Symbiont's possession, or that denies the documents are Roumann's property. That would have been admissible testimony. Mr. Cares' declaration stating that he, as an IT person at Godfrey, could not find the documents is not admissible.

### III. Good Cause Exists to Seal Exhibits 1 and 4 through 10.

Roumann filed this motion under Rule 5.2(d) of the Federal Rules of Civil Procedure, and General Local Rule 79. Symbiont conflates such a motion, perhaps intentionally, with the process for withdrawing a Confidential designation.

The issue before the Court is whether good cause exists to accept the items under seal, as supported by a declaration. *See* General L. R. 79(d)(3). Good cause exists here as Mr. Rousse has sworn that these documents are examples of his Confidential business information—something that is not disputed in Symbiont's response brief (DN 109, ¶¶ 15–50; DN 114). Based on the above, Exhibits 1 and 4 through 10 to the May 27, 2022 Supplemental Declaration of Ronald Rousse were properly designated as Confidential by the Defendants originally, they are Confidential now, and good cause exists for the Court accept them under seal.

Dated July 1, 2022.

HALLOIN LAW GROUP, S.C.
Attorneys for Plaintiffs Roumann Consulting Inc. and Ronald Rousse


s/ Scott R. Halloin
Scott R. Halloin
Wis. State Bar No. 1024669

HALLOIN LAW GROUP, S.C.
839 North Jefferson Street
Suite 503
Milwaukee, Wisconsin 53202
p 414-732-2424
f  414-732-2422
shalloin@halloinlawgroup.com